The Honorable Paul W. Grimm                                    May 8, 2017
United States District Court for the
District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland  20770

Re: *Kitchings v. Shelton, et al.* Case No. 8:17-cv-00882

### NOTICE OF INTENT TO FILE A MOTION TO AMEND COMPLAINT

Dear Judge Grimm:

Please consider this letter as pro se Plaintiff's Notice of Intent to Amend the Complaint. Fed. R. Civ. P. 15(a)(1)(A).  The grounds for the Motion are as follows:

Factually, both Defendant's Mr. Shelton and Ms. Kitchings, as Plaintiffs against Mr. Kitchings, obtained an unlawful judgment for $6700.00 through creating trial evidence and testimony in the case of *Valerie E. Kitchings, et al. v. John H. Kitchings*, Anne Arundel County, Maryland, Circuit Court Case No. 02-C-06-117714 ("AA Case" or "Kitchings Divorce Action"").  Mr. Shelton was named as a co-plaintiff in the AA Case. Mr. Shelton and Ms. Kitchings moved the AA Case judgment to a formal "Writ of Garnishment" on July 29, 2014 for the $6700.00.

On July 25, 2014, Mr. Shelton filed a Request for Writ of Property Garnishment in the AA Case naming Al Frederick specifically and Eccleston & Wolf, P.C. (E&W) as the garnishee, again, in the AA Case.  Mr. Frederick and E&W, representing the Defendant Sanders' in *Kitchings v. Sanders & Sanders, et al.*, Circuit Court for Prince George's County, Maryland, CAL13-04757 ("PG Case"), filed an answer on August 13, 2014 to the AA Case as follows: "The alleged Garnishee is not indebted to the Judgment Debtor, nor is the Garnishee in possession of any property or funds of the Judgment Debtor". Furthermore, Mr. Frederick noted in his Answer to Request for Writ of Property Garnishment: "a garnishment is not available under Rule 2-645(a), and the Judgment Creditors cannot meet their burden for obtaining a Writ". The AA Case judge neither ruled nor issued an Order on the Request for Writ of Property Garnishment.

On October 23, 2014 during the PG case mediation with retired Howard County, Maryland Circuit Court Judge Diane O. Leasure presiding, both the Sanders' and E&W in an attempt to unlawfully collect a debt from the AA Case, E&W on the behalf of the Sanders' introduced the AA Case "lien condition" in the PG Case settlement to indemnify and hold harmless both the Sanders' as well as their insurance carrier in violation of Maryland State Bar Association, Inc., *Ethics Opinion 2012-03*. The AA Case lien overture in the PG Case "release of liability agreement" enacted by Defendants Sanders' and E&W was an "initial communication" triggering obligations under Fair Debt Collections Practices Act ("FDCPA") Section 1692e(11) and Section 1692g.  Section 1692e(11), the "mini-Miranda" provision, requires an initial communication to disclose that the debt collector is "attempting to collect a debt and that any information obtained will be used for that purpose". Section 1692g requires that the debt

collector, within five (5) days of the initial communication give the consumer written notice of, among other things, his or her validation rights. *Cappetta v. GC Services, Ltd. P'ship*, 654 F. Supp. 2d 453 (E.D. Va. 2009). Thus, E&W and the Sanders' violated the initial communication rules with the introduction of the AA Case lien condition into the PG Case settlement.

The warning is mandatory. In *Carroll v. Wolpoff & Abramson*, 961 F.2d 459 (4th Cir. 1992), cert denied, 506 U.S. 905, 113 S.Ct. 298, 121 L.Ed2d 222 (1992), the Fourth Circuit Court of Appeals held that a law firm had violated the FDCPA in failing to give the warning in a **post-judgment** communication, even though it had given all of the required disclosures in its original communication to the debtor.

E&W's Lauren Marini, also filed her "legal appearance of representation" in the AA Case post-divorce decree, violating Plaintiff's right to privacy, although she did not represent either party the plaintiff or the defendant. See, *Wilson v. Draper & Goldberg, P.L.L.C.*, when the Fourth Circuit decided that the trustee's activities under a deed of trust fell with the FDCPA despite the commencement of foreclosure proceedings. See, *Scott v. Jones*, 964 F.2d 314 (4th Cir. 1992) This unauthorized bad faith tactic of Ms. Marini worked to cut-off all Court mailings to Plaintiff after her entry of appearance as attorney of record in Plaintiff's AA Case. Ms. Marini also filed pleading on the lien in the AA case but they were also rejected. Except as provided in Sec. 1692b, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. Sec. 1692c(b).

The introduction of the AA Case lien into the PG case lien also amounts to false, deceptive, and misleading representations to collect a debt. 15 U.S.C. Sec. 1692e (2000). The debt was also collected by unfair and unconscionable means. 15 U.S.C. Sec. 1692f (2000). The Sanders' and E&W also violated the Maryland Fair Debt Collection Practices Act which prohibits claiming to enforce a right with knowledge that the right does not exist.

Here, a communication occurred within the context of enforcing a lien, the FDCPA applies once a debt collector is trying to collect a debt. In *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227 (3d Cir. 2005), the defendant argued for exemption from the FDCPA because it was merely trying to enforce a lien for the consumer's water bills. By throwing a lien into the mix, the defendant had hoped to convince the court that it was not really a debt collector, because it was only enforcing a lien, rather than collecting a debt. The *Piper* court ruled that defendant was engaged in other activity that qualified it as a collector, and it could not, therefore, be forgiven for not complying with other sections of the FDCPA.

The Fourth Circuit has exhibited a lack of judicial tolerance for failure to comply with the FDCPA. *Creighton v. Emporia Credit Service, Inc.* 981 F.Supp. 411, 417 (E.D. Va. 1997); citing *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991); *U.S. v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996). The Sanders's are vicariously liable through the actions of E&W and vice versa. The Sanders' are in breach of the settlement

agreement contract, imputing liability to E&W, with the illegal conduct and conditional language added.  Even if the collection is being performed by a corporation, an individual who is directly or indirectly involved in the collection of the debt will be personally liable under the FDCPA. *White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000).

The provision of the Federal Rules of Civil Procedure governing the amendment of pleadings before trial provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a)(1)(A). The foregoing provision allows only one amendment as of right.  The amendment as of right provision of the Federal Rules applies to any pleading, not merely the complaint.

The FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff.  *Morgan v. Credit Adjustment Board, Inc.*, 999 F.Supp. 803, 805 (E.D. Va. 1998).  (Judge Merhige), citing *Russell v. Equifax A.R.S.*, 74 F.3d at 33; *Jones v. Vest*, 2000 U.S. Dist. LEXIS 18413, *4 (E.D. Va.  1999) (Judge Dohnal), citing the Fourth Circuit's opinion in *U.S. v. National Financial Services, Inc.*, 98F3d at 139, See, also *Turner v. Shenandoah Legal Group, et al.,* 2006 U.S. Dist. LEXIS 39341, * 8 (E.D. Va. 2006).  *McLean v. Ray*, 2011 WL 1897436, *5 (E.D. Va. May 18, 2011) (Judge O'Grady) "(B)ecause the FDCPA is a strict liability statute, evidence of actual deception is unnecessary.  Whether the debt collector's letter complies with the statute is determined objectively.  *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 8410 (E.D. Va. 2011.  Therefore, one (1) violation is sufficient to support summary judgment for the Plaintiff herein. See, *Scott v. Jones*, 964 F.2d 314 (4th Cir. 1992).

In the instant case, the collection activities of the Sanders' and specifically the conduct of E&W were the pebble that led to the avalanche of FDCPA violations by all Defendants.  But for E&Ws and the Sanders' FDCPA transgressions, this case would not have occurred.  All Defendants knew or should have known about the fact Plaintiff disputed the debt from the Plaintiff's depositions and other discovery, including expert witness reports, in the malpractice action against the Sander's represented again by E&W.  This is mentionable to establish that the unlawful collection method did not involve a bona fide error.  E&W suggested the lien into the malpractice settlement release to harass, oppress, or abuse the Plaintiff as a punishment for asserting the malpractice action.  Moreover, Mr. Henderson's Interpleader filing at No. 6 clearly explains that he is protecting defense counsels, E&W, Writ of Garnishment leading to the conspiracy to violate the FDCPA counts.  The conduct of the Defendants, especially E&W, was to interject a false and deceptive representation including a foreign judgment into an unrelated professional responsibility settlement matter made in connection with the collection of a debt. Because of the prohibited means used to collect the debt by all Defendants, the conduct was wrongful. Plaintiff is bewildered as to why E&W believes they can evade punitive liability.

Accordingly, for the facts set forth above, the Defendants are pining for a Summary Judgment motion. If they believe they've been duped then they need to file a counterclaim against Mr. Shelton and Ms. Kitchings or accept co-conspirator liability.

_____

John H. Kitchings, Jr. Pro se Plaintiff

Cc: All parties and counsel of record.