**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                          |   |                          |
|--------------------------|---|--------------------------|
| JOHN H. KITCHINGS, JR.,  | * |                          |
| **Plaintiff,**           | * |                          |
| v.                       | * | **Case No.: PWG-17-882** |
| WILLIAM JOSEPH SHELTON., *et al.*, | * |              |
| **Defendants.**          | * |                          |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff John Kitchings, Jr. (who is proceeding without counsel, but who, in the past has practiced law) brings claims against Defendants for violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann. Com. Law §§ 14-201–204, the First and Fourth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983, and 22 other state law claims. 2d Am. Compl., ECF No. 37. Defendants have filed a consolidated motion to dismiss all of Plaintiff's claims. ECF No. 38.[1] Accordingly, I will grant the motion and dismiss this action. Because Plaintiff does not state a FDCPA or § 1983 claim—the sole basis for this Court to exercise jurisdiction over the case—I will dismiss his FDCPA, MCDCA, and § 1983 claims with prejudice.[2] Plaintiff also failed to respond in any substantive way to Defendants' arguments

---

[1] The parties fully briefed the motion. ECF Nos. 38-1, 44, 47. A hearing is not necessary. *See* Loc. R. 105.6.

[2] Before Defendants filed their Motion, I gave Plaintiff an opportunity to amend his Amended Complaint based on letters filed by the Defendants setting forth the deficiencies they perceived in the document. ECF Nos. 30, 31, 34. He took this opportunity, and filed a Second Amended Complaint, ECF No. 37. But, because Plaintiff failed to address those deficiencies in his Second

with respect to Counts 4, 5, 7, 11, 12, and 14 through 18, thereby abandoning these claims. They, too, will be dismissed with prejudice. But, pursuant to 28 U.S.C. § 1367(c)(3), I will decline to exercise supplemental jurisdiction over his remaining state-law claims, which Defendants argue that many are barred by *res judicata* and collateral estoppel, and they will be dismissed without prejudice.

## Background[3]

Plaintiff and Ms. Kitchings filed for and finalized their divorce in Anne Arundel County Circuit Court in Maryland. 2d Am. Compl. ¶ 34. During the proceedings, Plaintiff was represented by Norman Sanders and Ms. Kitchings was represented by William Shelton. State Court Docket 02-C-06-117714.[4] Plaintiff alleges that during those proceedings, Ms. Kitchings, through her counsel, created a fraudulent request for Writ of Property Garnishment. *Id.* ¶ 16. He further alleges that Mr. Shelton "unilaterally added his name to the caption as a party (plaintiff) and submitted a Writ of Garnishment, under the Kitchings' former divorce case number." *Id.* ¶ 23. On May 31, 2013, during the divorce proceedings, the court entered judgment against

---

Amended Complaint, despite having ample notice and an opportunity to correct them, it appears that further attempts to amend would be futile. When, as here, "a party is granted leave to amend but fails to address the problem, that party should not be surprised" when the Court does not grant further opportunities to amend. Steven S. Gensler, *Federal Rules of Civil Procedure Rules and Commentary* 363–64 (2016); *see also Forquer v. Schlee*, No. RBD-12-969, 2012 WL 6087491, at *4 (D. Md. Dec. 4, 2012). Moreover, Plaintiff did not seek leave to amend further. Accordingly, I will dismiss the FDCPA, MCDCA, and § 1983 claims with prejudice.

[3] I accept the facts as alleged in Plaintiff's Second Amended Complaint as true for the purposes of this Motion to Dismiss. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[4] I take judicial notice of the state court docket on the Maryland Judiciary Case Search website, http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis. *See* Fed. R. Evid. 201(b)(2).

Plaintiff, ordering him to pay Mr. Shelton $5,100.00 in attorneys' fees and to pay Ms. Kitchings $1,600 for costs.[5]  State Court Docket 02-C-06117714.

Following the divorce proceedings, Plaintiff sued Norman Sanders, Lisa Sanders, and their law firm for malpractice.  2d Am. Compl. ¶ 40.  Eccelston & Wolf, and more specifically Alvin Frederick and Lauren Marini, represented the Sanders and their firm in the malpractice action, while Plaintiff was represented by Wes Henderson and Elizabeth Boone of Henderson Law.  *Id.* ¶ 78.  The malpractice litigation was settled between the parties, and a Term Sheet, ECF No. 38-6, and Release Agreement, ECF No. 38-8, were signed.  *Id.* ¶¶ 46, 116–21.  Plaintiff alleges that during the negotiations, Ms. Kitchings's and Mr. Shelton's Writ of Garnishment was improperly included and the amount he owed was increased illegally from $6,700.00 to $7,800.00.  *Id.* ¶¶ 48–55.  The agreements entered into gave Henderson Law two options.  *Id.* ¶ 84.  The Release Agreement provided that

> Mr. Kitchings, through his counsel, shall be responsible for resolving the Judgment entered against Kitchings on May 30, 2013 in favor of Valerie E. Kitchings and William Shelton . . . in the total amount of $6,700.00 plus post-judgment interest . . . The Judgment may be resolved with [Ms. Kitchings and Mr. Shelton], by Henderson Law, LLC filing an Interpleader action, or Henderson Law, LLC shall hold the sum of $7,800.00 on its attorney trust account until the matter is ether resolved or a Court orders otherwise.

Release Agr. ¶ 6.  Plaintiff alleges that Ms. Kitchings and Mr. Shelton should not have been included in the Term Sheet or Release Agreement.  2d Am. Compl. ¶ 88.  Plaintiff further alleges that "Defendants illegally added post interest judgment [sic] to the alleged $6700.00 initial debt" and that "[t]he $7800.00 extracted from the Sanders' settlement, with no explanation by any of the Defendants, amounted to both a breach of contract and legal malpractice by Henderson Law

---

[5] Plaintiff alleges that the Anne Arundel Circuit Court did not rule on the Writ of Garnishment, 2d Am. Compl. ¶ 72, however, the state court docket clearly indicates it was ordered and judgment was entered on May 31, 2013.  State Court Docket 02-C-06117714.

and Boone." *Id.* ¶¶ 119–20. Henderson Law then filed an interpleader action regarding the $7,800.00. *Id.* ¶ 138. The Prince George's County Circuit Court presiding over the interpleader action ordered Henderson Law to deposit the $7,800.00 with the court and then on April 1, 2016, ordered that the Clerk release the funds to Mr. Shelton. State Court Docket CAL14-37205.

Plaintiff brings this litigation alleging that Defendants are debt collectors that were unlawfully collecting a debt against him in violation of the FDCPA and MCDCA. *Id.* ¶¶ 4, 6, 23, 32, 99, 176. Specifically, Plaintiff alleges that Defendants violated the FDCPA in twelve distinct ways including falsely implying communications emanating from an attorney, threating illegal action, false representation, and "falsely advancing an unlawful lien." *Id.* ¶ 189. Plaintiff also alleges that Ms. Kitchings "was acting under color of state law as an Assistant Attorney General of Child Support Enforcement, Supervisory Attorney, Texas, when she testified under oath in Anne Arundel County Circuit Court to create the alleged 'consumer debt,'" and when she "authorized Shelton to violate federal law by the introduction of the Writ." *Id.* ¶ 207–08. Plaintiff alleges that Ms. Kitchings's actions deprived him of his "rights, privileges or immunities secured by the First and Fourteen Amendments" in violation of 42 U.S.C. § 1983. *Id.* ¶ 229. Plaintiff also alleges 22 other claims, which arise under state law (e.g. abuse of process, breach of contract, intentional infliction of emotional distress, fraud, and conversion). *Id.* ¶¶ 235–437. Defendants argue that they are not debt collectors, and that Ms. Kitchings is not a state actor. Def.'s Mem. 10–16. Defendants offer a litany of reasons for dismissing the 22 state law claims, including, that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral and that he failed to state a claim. *Id.* at 10–37. Plaintiff responds to some of Defendant's arguments but fails to address many others.

## **Standard of Review**

Plaintiff is proceeding *pro se*, and requests that his Second Amended Complaint be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This is disingenuous and Plaintiff is not entitled to the deference afforded to pro se litigants lacking legal training, and accordingly, deserving of a more lenient interpretation of their filings. Plaintiff was admitted to the Bar of the District of Columbia, but has been suspended. Bar Member Status, ECF No. 38-2. For that reason, his pleadings should be subject to the same analytical scrutiny as those filed by practicing attorneys, but even if I were to construe his Second Amended Complaint liberally, despite his prior membership to the D.C. Bar, it does not absolve him from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from

*Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). Additionally, Fed. R. Evid. 201(b)(2) permits the Court to take judicial notice of "fact[s] that [are] not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such as matters of public record. Fed. R. Evid. 201(b)(2); *see Alston v. Wells Fargo Home Mortg.*, No. TDC-13-3147, 2016 WL 816733, at *1 n.1 (D. Md. Feb. 26, 2016).

## Count 1: Fair Debt Collection Practices Act and Maryland Consumer Debt Collection Act

### Fair Debt Collection Practices Act

"'The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage.'" *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996) (quotation omitted)). To state a claim for relief under the

FDCPA, Plaintiff must allege that "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart*, 859 F. Supp. 2d at 759–60 (citation omitted); *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 524 (D. Md. 2013) (citing 15 U .S.C. § 1692). In Count One, Plaintiff alleges that Defendants violated the FDCPA when Ms. Kitchings through her counsel, Mr. Shelton, "create[d] his fraudulent 'Request for Writ of Property Garnishment' . . . on July 24, 2014." 2d Am. Compl. ¶ 16. Plaintiff further alleges that Frederick of Eccelston & Wolf advised Norman and Lisa Sanders "to collect a debt in the names of Ms. Kitchings and Shelton when the alleged debt or lien actually belonged to Frederick and [Eccelston & Wolf]." *Id*. ¶ 30. Plaintiff also states that "this [alleged] fraudulent Writ was allegedly from 'Ms. Kitchings' and 'Shelton' both named as co-Plaintiffs in the caption under the Kitchings' former divorce case, *Kitchings v. Kitchings*, Anne Arundel County Circuit Court No. 02-C-06-117714." *Id*. ¶ 34. Plaintiff argues that the $7,800 debt that is the subject of this litigation stems from the Term Sheet and Release Agreement in his malpractice suit against Norman and Lisa Sanders, who were represented by Eccelston & Wolf.[6] *Id*. at ¶¶ 40, 46. Defendants dispute that they are debt collectors and that they attempted to collect a debt subject to the FDCPA.[7] Defs.' Mot. 16–19.

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th

---

[6] Plaintiff wrongfully argues that this debt does not stem from his divorce proceedings as he believes no action was taken by the Anne Arundel Circuit Court. 2d Am. Compl. ¶ 72. However, the records of that proceeding indicate that the court in the divorce proceeding entered sanctions against Plaintiff in the amount of $6,700.00. State Court Docket 02-C-06-117714. I take judicial notice of the state court docket entries and filings in this case pursuant to Fed. R. Evid. 201(b)(2).

[7] Defendants also move to dismiss this claim on the basis of *res judicata* and collateral estoppel and that it is barred by the statute of limitations. Defs.' Mot. 10–16.

Cir. 1994). The statute defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). As the word "transaction" is not defined by the statute, I will depend on the case law interpreting it to determine if the alleged debt in this case falls within the statutory meaning of a debt.

In adopting the views of other Circuit Courts, the Fourth Circuit has stated that "the type of transaction which creates a debt under the FDCPA is one which a consumer is offered or extended the right to acquire money, property, insurance, or services which are primarily for household purposes and to defer payment. *Mabe*, 32 F.3d at 88 (quoting *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168–69 (3d Cir. 1987); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992); *Staub v. Harris*, 626 F.2d 275, 278 (3d Cir. 1980)) (internal quotations omitted); *see also Bass v. Stolper, Koritzinsky, Brewster & Nieder, S.C.,* 111 F.3d 1322, 1326 (7th Cir. 1997).

Here, the $7,800.00 was eventually turned over to Shelton in the interpleader action pursuant to a court order. State Court Docket CAL14-37205. However, the fact that it was pursuant to a court order is not dispositive in determining if it arose from a transaction that would make it subject to the FDCPA. *See Mabe*, 32 F.3d at 88; *Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 217 (S.D.N.Y. 2009). Therefore, I must look to what created the $7,800 debt Plaintiff owed Ms. Kitchings and Mr. Shelton.

Initially, Plaintiff was ordered to pay $6,700—$1,600 in costs to Ms. Kitchings and $5,100 in attorneys' fees to Mr. Shelton—in connection with Plaintiff's divorce litigation. The Anne Arundel Circuit Court ordered these payments on October 16, 2012 and judgment was

entered on May 31, 2013. State Court Docket 02-c-06-117714. A debt that is owed out of a court order in a divorce proceeding is not a consumer transaction because it cannot plausibly be regarded as an obligation flowing from the use of money credit, or services primarily for consumer goods or services. *See Mabe*, 32 F.3d at 88 (assessing that court ordered child support obligations were not FDCPA debts because "they were not incurred to receive consumer goods or services. Rather, the DSS imposed these obligations upon appellants to force them to fulfill their parental duty to support their children."); *Beal*, 615 F. Supp. 2d at 217 (holding that a debt was not subject to the FDCPA when the court ordered the plaintiff to pay his ex-wife's legal fees from post-divorce litigation based on his non-compliance with court orders); *Vaile v. Willick*, No. 6:07cv00011, 2008 WL 204477, *6 (W.D. Va. Jan. 24, 2008) (attempting to collect a debt that arose from a tort or court order was not subject to the FDCPA because it was not a consumer transaction). Had this been the only debt in question, my analysis would be complete because it does not arise out of a consumer transaction, and therefore, it does not permit Plaintiff to bring a claim under the FDCPA.

I now turn to the fact that the money turned over was not solely the $6,700.00 awarded to Ms. Kitchings and Mr. Shelton, but an additional $1,100.00 for a total of $7,800.00. Plaintiff alleges that this increase occurred during his malpractice suit against the Sanders and that it was due to "Defendants illegally add[ing] post interest judgment [sic] to the alleged $6,700.00 initial debt." 2d Am. Compl. ¶¶ 113–14, 119. Plaintiff acknowledges that the $7,800 debt was reduced to writing in the form of the Term Sheet and the Release Agreement.[8] The Term Sheet and the Release Agreement are unambiguous that reserving $7,800 from the $95,000 settlement was

---

[8] Plaintiff refers to both of these documents repeatedly, and Defendants attached them to their motion to dismiss. Plaintiff does not dispute the authenticity of either document. Therefore I am permitted to rely on them and in doing so, I will not convert this motion to a motion for summary judgment. *See Sposato*, 2013 WL 1308582, at *2.

based on the "garnishment held by Mr. Shelton and Valerie Kitchings." Term Sheet ¶ 4; *see also* Release Agreement ¶ 6. Further, the Release Agreement states that it is "in the total amount of $6,700.00 plus post-judgment interest." Release Agreement ¶ 6. It is clear from these documents that it was not based on Plaintiff seeking services or conducting a consumer transaction. Although it may have been part of the Sanders malpractice litigation and settlement, the money Plaintiff received was segregated pursuant to a Writ of Garnishment issued in his divorce proceeding. *Id.* At no time was this debt owed based on a consumer transaction, and thus, Plaintiff cannot bring claims under the FDCPA.[9] *See Mabe*, 32 F.3d at 88.

### Maryland Consumer Debt Collection Act

Plaintiff parrots his FDCPA allegations against Defendants as a claim under the MCDCA. "To plead a claim under the MCDCA, Plaintiff must set forth factual allegations tending to establish two elements: (1) that Defendants did not possess the right to collect the amount of debt sought; and (2) that Defendants attempted to collect the debt knowing that they lacked the right to do so." *Lewis v. McCabe Weisberg & Conway,* No. DKC 13-1561, 2014 WL 3845833, at *6 (D. Md. Aug. 4, 2014). However, it must first be established that Defendants were attempting to collect a debt and that they were subject to the statutory prohibitions of the MCDCA. The MCDCA defines a collector as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction," and a consumer transaction as "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." Md. Code Ann. Com. Law § 14-202. As this claim depends upon the same factual allegations as previously discussed in Plaintiff's

---

[9] As the debt owed is not one subject to the FDCPA, I need not address Defendants' arguments that they are not debt collectors and that this claim is barred by the statute of limitations, *res judicata*, and collateral estoppel.

FDCPA claim, Plaintiff has insufficiently pleaded that the debt arose out of a consumer transaction. Again, the debt stems from a court award during a divorce proceeding wherein Plaintiff was ordered to pay money to his ex-wife and her attorney. *See Allen v. Silverman Theologou, LLP*, No. JFM-14-3257, 2015 WL 2129698, at *5 (D. Md. May 6, 2015) (finding the MCDCA and FDCPA definitions for consumer transaction to be analogous).

### **Count 2: First and Fourteenth Amendment Violations pursuant to 42 U.S.C § 1983**

"Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights." *Bixler v. Harris*, No. WDQ-12-1650, 2013 WL 2422892, at *5 (D. Md. June 3, 2013) (citing 42 U.S.C. § 1983). Liability under § 1983 "is imposed only for deprivations carried out under color of law," which is "'equivalent to the "state action" requirement under the Fourteenth Amendment.'" *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) (citations omitted). "State action" exists where there is "an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,'" and the actor is "a person who may fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted).

Plaintiff alleges that Ms. Kitchings violated his First and Fourteenth Amendment rights because she was acting under the color of law as an Assistant Attorney General for the State of Texas's Office of Child Support Enforcement. 2d Am. Compl. ¶¶ 9–10; 17–19. Additionally Plaintiff alleges that Ms. Kitchings "is also employed as a state employed debt collecting attorney of consumer debt (in the form of "child support") for both the state of Texas and for the custodial parents that she advocates on their behalf . . . ." *Id.* ¶ 32. Plaintiff also alleges that Ms. Kitchings "was acting under color of state law as an Assistant Attorney General of Child Support

Enforcement, Supervisory Attorney, Texas, when she testified under oath in Anne Arundel County Circuit Court to create the alleged 'consumer debt.'" Id. ¶ 207. He believes his First Amendment right to free speech was "stymie[d]" by Ms. Kitchings actions to collect the judgment against him. *Id.* at ¶ 212. Although Count 2 states it is against Ms. Kitchings, the Second Amended Complaint also claims that she allegedly is liable for the actions of her agent, Mr. Shelton. *Id.* ¶¶ 211–15. Ms. Kitchings denies that she is an Assistant Attorney General in Texas and that as a private individual, she is not a state actor pursuant to § 1983. Defs.' Mot. 19.

Plaintiff has not named as defendants any government officials. "Action by a private party . . . , without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.' . . . [T]hat 'something more' which would convert the private party into a state actor might vary with the circumstances of the case." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). The divorce proceeding between Plaintiff and Ms. Kitchings—where the alleged state action occurred—is personal in nature and bears no relation to Ms. Kitchings alleged employment or any action by the State itself. Ms. Kitchings and Mr. Shelton are private persons, and Plaintiff only has made a conclusory allegation that they were "acting under color of law." *See* 2d Am. Compl. ¶¶ 207–08. Conclusory allegations that simply recite an element of a § 1983 claim are insufficient to plead state action. *See Iqbal*, 556 U.S. at 678–79. Therefore, as private parties, Ms. Kitchings and Mr. Shelton plausibly cannot be characterized as state actors. *See Lugar*, 457 U.S. at 939. Consequently, there is no "state action" and Plaintiff cannot state a § 1983 claim against Defendants. *See Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50; *Goldstein*, 218 F.3d at 341; *see also Donlan v. Smith*, 662 F. Supp. 352, 360 (D. Md. 1986) (finding that an attorney was not subjected to § 1983 when representing his client in his official capacity at divorce proceedings). Accordingly, I will dismiss Plaintiff's § 1983 claims. *See* Fed. R. Civ. P.

12(b)(6). Because of Plaintiff's failure to plead the essential state actor element, his § 1983 claims are not susceptible to amendment and will be dismissed with prejudice. *See Curry v. Farmer*, 2 F.3d 1149, 1993 WL 311947, at *1 n.* (4th Cir. 1993) (modifying "district court's dismissal to a dismissal with prejudice" due to "absence of an allegation of actions under color of state law or in conjunction with state actors"; citing *Lugar*, 457 U.S. at 937).

### Counts 4, 5, 7, 11, 12, 14, 15, 16, 17, 18: Plaintiff's Failure to Respond to Arguments

When a defendant's motion to dismiss a complaint states specific deficiencies that warrant dismissal, and presents supporting legal arguments, it is the plaintiff's obligation to respond substantively to address them. Failure to respond to the defendants arguments constitutes abandonment of those claims. *See Whittaker v. David's Beautiful People, Inc.*, No. DKC-14-2483, 2016 WL 429963, at *3 n.3 (D. Md. Feb. 4, 2016); *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658, 669 n.9 (D. Md. 2013); *Ferdinand–Davenport v. Children's Guild,* 742 F. Supp. 2d 772, 777 & 783 (D. Md. 2010). Any abandoned claims are subject to dismissal with prejudice. *Sewell*, 2013 WL 6858867, at *4 ("retaliation claim was dismissed with prejudice . . . because she abandoned [the] claim by failing to address it in the reply brief."); *Farrish v. Navy Fed. Credit Union*, No. DKC-16-1429, 2017 WL 4418416, at *3 (D. Md. Oct. 5, 2017).

Defendants argue that Plaintiff has not sufficiently pleaded Counts 4 (intentional infliction of emotional distress), 5 (fraud), 7 (unjust enrichment), 14 (legal malpractice), 15 (breach of fiduciary duty), 17 (violation of privacy), and 18 (breach of contract). In each count, Defendants argue that he fails to plead specific facts to state one or more of the required elements of each claim. While Plaintiff in many of these counts purports to respond to their arguments in an off-hand and conclusory way, none of his responses address his failure to plead the specific essential elements Defendants argue he failed to have plead in his Second Amended

Complaint.  And in the case of Counts 12 and 18, Plaintiff did not offer any response at all to Defendants arguments.  Pl.'s Opp'n 18, 20.  Therefore, Plaintiff has abandoned these counts by not responding to Defendants' arguments regarding his insufficient pleadings.  *See Ferdinand–Davenport*, 742 F. Supp. 2d at 777.  Further, Plaintiff did not respond to the defense raised by Defendants in Count 16 (defamation) or to the fact that Defendants argue that Counts 11 (civil conspiracy) and 12 (vicarious liability) are not independent torts under Maryland law.  As such, these too are dismissed with prejudice.  *Id.*

## Counts 3, 6, 8, 9, 10, 13, and 19 through 24

Plaintiff's remaining claims all arise under state law.  2d Am. Compl. ¶¶ 235–437.  If Plaintiff stated a viable FDCPA or § 1983 claim, then I could exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a).  But when a district court "dismisse[s] all claims over which [it] enjoys original jurisdiction," it "may decline to exercise supplemental jurisdiction" over remaining state-law claims.  *Id.* § 1367(c)(3).  "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).  I will decline to exercise supplemental jurisdiction over the remaining state-law claims, especially in light of the protracted litigation history and voluminous state court records that would have to be examined to resolve them.  Additionally, the remaining claims appear to be factually independent of those I have addressed in this memorandum.

Further, Defendants' argue that Counts 3, 6, 13, 20, 22, 23, and 24 are barred by *res judicata* or collateral estoppel.  *Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in

that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)) (citation and internal quotation marks omitted). When considering this defense, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524 n.1). And, when a federal court litigant asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, *res judicata*, or claim preclusion, provides grounds for dismissal if a defendant establishes that "(1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville,* 887 A.2d 1029, 1037 (Md. 2005)).

Collateral estoppel, also known as issue preclusion, "works to ensure that parties get 'one full and fair opportunity to litigate a particular issue, while preventing needless relitigation of that issue.'" *Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel*, 410 Fed. App'x. 716, 720 (4th Cir. 2011) (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.,* 536 F.3d 1343, 1350 (Fed. Cir. 2008)). Collateral estoppel bars relitigation of an issue or fact if

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior

resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (emphasis added).

Under either theory, I would be required to delve into the voluminous records of the state courts to determine the parties involved and the matters that were adjudicated on the merits to determine if *res judicata* or collateral estoppel applied. As I stated above, all of these claims also involve state law. In order to determine if either doctrine applied, I would also be required to analyze the elements of each claim and if each were decided in a prior proceeding. Had any of the federal claims survived, I would be responsible for doing so. But they did not, and the job of analyzing the scope and extent of a series of court orders rendered by a variety of state courts involving claims under state law more appropriately is done by those courts themselves. I therefore, leave the remaining claims to the state courts to determine if they are barred by *res judicata* or collateral estoppel.

### Conclusion

In sum, Plaintiff has failed to state a claim against all Defendants in Count 1 under the FDCPA and MCPA and against Ms. Kitchings and Mr. Shelton for constitutional violations pursuant to § 1983 in Count 2. Therefore, Counts 1 and 2 are dismissed with prejudice. Plaintiff already had the opportunity to amend to address the deficiencies Defendants identified in his original complaint pertaining to his FDCPA and MCPA claims. As Ms. Kitchings and Mr. Shelton are not state actors and were acting in their personal capacity further amendment would be futile. Thus, Plaintiff's § 1983 claims will be dismissed with prejudice. *McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) ("Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation." (internal citation omitted)).

Due to Plaintiffs lack of response to Defendants' arguments to dismiss his claims in counts 4, 5, 7, 11, 12, and 14 through 18, he has abandoned those claims and they too are dismissed with prejudice.  Finally, I decline to exercise supplemental jurisdiction over counts 3, 6, 8, 9, 10, 13, and 19 through 24 or to determine if they are barred by *res judicata* or collateral estoppel.  Counts 3, 6, 8, 9, 10, 13, and 19 through 24 are dismissed without prejudice.

## **ORDER**

Accordingly, for the reasons stated in this Memorandum Opinion and Order, it is, this __12th__ day of January, 2018, hereby ORDERED that

1. Defendants' Motions to Dismiss, ECF No. 38, IS GRANTED;

2. Counts 1, 2, 4, 5, 7, 11, 12, 14 through 18 of Plaintiff's Second Amended Complaint ARE DISMISSED WITH PREJUDICE;

3. Counts 3, 6, 8, 9, 10, 13, and 19 through 24 of Plaintiff's Second Amended Complaint ARE DISMISSED WITHOUT PREJUDICE; and

4. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiff and CLOSE THIS CASE.

<br>

_____/S/_____
Paul W. Grimm
United States District Judge

jml